# In the United States Court of Federal Claims
OFFICE OF SPECIAL MASTERS
No. 14-973V
Filed: September 7, 2016

```
* * * * * * * * * * * * * * * * * * * * * * * * *
GIRLDENE JACKSON,                    *       Not for Publication
                                     *
               Petitioner,            *
     v.                               *       Attorney's Fees and Costs;
                                     *       Contested; Range.
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
               Respondent.            *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Lawrence R. Cohan*, Anapol Weiss, Philadelphia, PA, for petitioner.
*Glenn A. MacLeod*, United States Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]

**Roth,** Special Master:

On October 9, 2014, Girldene Jackson ("Ms. Jackson" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"). Petitioner alleged the influenza ("flu") vaccine she received on October 19, 2011 caused her to develop Guillain-Barre Syndrome ("GBS"). *See generally* Petition ("Pet."), ECF No. 1, at 1-4. Petitioner and respondent stipulated to a settlement in this matter on May 23, 2016. Stipulation for Award, ECF No. 31, at 2. Petitioner now seeks an award of attorney's fees and costs in the amount of $30,372.65, pursuant to Section 15(e) of the Vaccine Act. Motion for Attorney's Fees ("Motion for Fees"), ECF No. 36, at 5.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

I.       **Procedural History.**

This case was filed on October 9, 2014 and initially assigned to Special Master Dorsey.[3] ECF No. 4. Petitioner filed medical records along with the petition on October 9, 2014. Medical Records on CD, ECF No. 1; Pet. Ex. 1-7. An initial status conference was held on December 2, 2014 where Chief Special Master Dorsey requested any outstanding medical records and suspended respondent's Rule 4(c) Report deadline. ECF No. 8. Petitioner filed medical records on January 6, 2014 and January 14, 2016 along with a Statement of Completion on January 14, 2016. Medical Records, ECF Nos. 9-10; Statement of Completion, ECF No. 11.

Respondent filed her Rule 4(c) Report ("Resp. Rpt.") on April 24, 2015. Resp. Rpt., ECF No. 16. On August 6, 2015, a Rule 5 status conference was held in which Chief Special Master Dorsey addressed respondent's concerns. ECF No. 19. Chief Special Master Dorsey encouraged the parties to informally resolve this case. *Id.*

This case was reassigned to me on October 19, 2015. A status conference was held on November 4, 2015 in which I emphasized Chief Special Master Dorsey's advice to informally settle this case. After a series of status reports updating the court on the parties' progress towards settlement (*see, e.g.,* Status Reports, ECF Nos. 27, 29), a stipulation of settlement was filed on May 23, 2016. Stipulation for Award ("Stipulation"), ECF No. 31 at 2. I issued a decision approving the settlement on May 24, 2016. Decision, ECF No. 32.

Petitioner filed a motion for attorney's fees on June 1, 2016. Motion for Attorney's Fees ("Motion for Fees"), ECF No. 36. Before petitioner filed this claim, she was represented by Alison Haskins, Esq. of Maglio Christopher & Toale, PA ("MCT"). *Id.* at 2. Petitioner requested fees and costs for representation from the firm of MCT in the amount of $3,772.00 in attorney' fees and $843.91 in expenses, for a total of $4,615.91. *Id.* Petitioner requests attorneys' fees for her current counsel, Anapol Weiss, in the amount of $24,383.50 and costs in the amount of $1,373.24, for a total of $25,756.74. *Id.* at 2.

Respondent filed a response to the petitioner's motion for fees on June 20, 2016. Response to Motion for Attorney's Fees ("Response"), ECF No. 38. Respondent made no specific objections to the attorneys' hours or rates for Anapol Weiss. *Id.* at 3. However, respondent argued the hourly rates awarded to MCT in the present case should be consistent with the hourly rates awarded to MCT by Special Master Corcoran in *Scharfenberger. Id.*, *Scharfenberger v. Sec'y HHS*, No. 110221V, 2015 WL 3526559, at *7-*10 (Fed. Cl. Spec. Mstr. May 15, 2015), *aff'd*, 124 Fed. Cl. 225 (2015), *appeal dismissed* (Feb. 9, 2016). Additionally, respondent listed a number of cases involving a similar vaccine and injury in which the amount of attorneys' fees awarded is within the range suggested by respondent. Response at 3-4.

Petitioner filed a reply to this response on June 22, 2016. Reply to Response to Motion for Attorney's Fees ("Reply"), ECF No. 39. Petitioner argued that respondent failed to "specifically identify any deficiencies, unreasonableness, or billing issues" in petitioner's motion for fees. *Id.* at 1. Furthermore, petitioner contends that, given the extensive medical history and

---

[3] Special Master Dorsey was elevated to Chief Special Master on September 1, 2015.

substantial amount of medical records necessary in this case, the amount requested for fees and costs is reasonable. *Id.* at 2. Additionally, petitioner noted that none of the case examples listed by respondent involve Anapol Weiss. Petitioner then provided a list of cases in which Anapol Weiss has represented petitioners, demonstrating that the average amount awarded to Anapol Weiss in the past has been comparable to the amount requested in petitioner's current fee application.[4] *Id.* at 5. Finally, petitioner requested additional attorneys' fees in the amount of $1,015.00. This matter is now ripe for decision.

## II.     Applicable Law.

The Vaccine Act allows Special Masters to award attorney's fees and costs to a petitioner if the claim was brought in good faith and with "reasonable basis." § 15(e). This is a discretionary determination made by the Special Master, which does not require a line by line analysis. *Broekelschen v. Sec'y of HHS*, 102 Fed. Cl. 719, 729 (2011). Rather, the fact finder uses a lodestar method – multiplying a "reasonable" fee by the hours the attorney worked. *Blanchard v. Bergeron,* 489 U.S. 87, 94 (1989); *Schueman v. Sec'y of HHS,* No. 04-693V, 2010 WL 3421956, at *3 (Fed. Cl. Spec. Mstr. Aug. 11, 2010). While respondent does have the opportunity to object to said amount, pursuant to the Vaccine Rules, when no justification or specific objection is proffered, her "representation carries very little weight." *Reyes v. Sec'y of HHS*, No. 14-953V, 2016 WL 2979785, at *1 (Fed. Cl. Spec. Mstr. Apr. 27, 2016) (specifically when the attorneys of record supply detailed time sheets and present a *complete* case).

The recent decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorney's fees based on the experience of a practicing attorney. *McCulloch v. Sec'y of HHS*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). According to *McCulloch*, if an attorney has been practicing for 20 or more years, an appropriate range is approximately $350 to $425 per hour. *Id.* If an attorney has 11 to 19 years of experience, $300 to $375 is proper. *Id.* For 8 to 10 years of experience, $275 to $350 is appropriate. *Id.* For 4 to 7 years of experience, $225 to $300 is sufficient. *Id.* If an attorney has fewer than 4 years of experience, he or she should receive between $150 and $225. *Id.*

## III.     Discussion.

In her response, respondent provided no specific objection to the amount requested or the hours worked in this matter, but instead offered a range for attorneys' fees and costs which she believes to be reasonable with respect to Anapol Weiss. Response at 3. Rather, respondent "reminded" the Court of its discretion in awarding fees, quoting *Fox v. Vice*, and reiterated that 'the determination of [attorney's] fees "should not result in a second major litigation."' Response at 2-3. With respect to MCT, respondent argued that the hourly rate decided for one MCT attorney in *Scharfenberger* should apparently be applied to all MCT attorneys. In *Scharfenberger*, Special Master Corcoran assigned Isaiah Kalinowski of MCT hourly rates of

---

[4] Although petitioner did not file an application for supplemental fees, contained in the conclusion of petitioner's Reply was a request for an extra $1,015 for drafting the Reply. Reply at 8.

"$281/hour for 2010, $290/hour for work performed in 2011, $296/hour for work performed in 2012, and $300/hour for work performed in 2013." *Scharfenberger* at *13. First, Mr. Kalinowski works in Washington, D.C., where the forum rate is much higher than in Sarasota, Florida, where Ms. Haskins is based. Second, Ms. Haskins has been a practicing attorney for approximately eighteen years, whereas Mr. Kalinowski has only been practicing for nine years, six of which have been with MCT. Despite her greater experience, Ms. Haskins has billed at a lower rate than Mr. Kalinowski, due to her location. Here, Ms. Haskins has billed at an hourly rate of $300 for work performed in 2013, which she has previously been awarded.

Furthermore, the hourly rates awarded in *Scharfenberger* are inapplicable here because Special Master Corcoran calculated Mr. Kalinowski's rates using the forum rates for Washington, D.C. Here, I will instead rely on the Sarasota, Florida rates recently decided by Special Master Gowen in *Ferguson v. Sec'y of HHS*, No. 14-975V, 2016 WL 4140949 (Fed. Cl. Spec. Mstr. July 11, 2016). Special Master Gowen awarded Ms. Haskins an hourly rate of $300 for work performed from 2013 to 2015 and hourly rates of $135 and $105, for certified and non-certified paralegals, respectively. Following *Ferguson*, I find petitioner's requested hourly rate of $300 for Ms. Haskins to be reasonable. Additionally, MCT paralegals also billed at the previously awarded *Ferguson* rates, with the exception of two entries where "SJB," designated as a paralegal, billed at an hourly rate of $145 instead of $135. **I have therefore reduced MCT's attorney's fees award to a total of $3,765.00.**

Since respondent raises no objections to the rates or hours billed by the firm of Anapol Weiss nor its disbursements, after reviewing the billing records, the amount of hours billed seems reasonable and I see no erroneous or duplicative billing. *See generally* Respondent's Exs. C-D, ECF No. 36. I therefore see no reason to reduce petitioner's application for fees and costs, other than what is set forth above.

### IV.   Total Award Summary.

In light of the foregoing and pursuant to § 15(e)(1), I find that MCT fees shall be reduced to $3,765.00, MCT costs granted in full, and Anapol Weiss fees and costs granted in full. For the reasons contained herein, **I award the total of $31,380.65 as follows:**

- **A lump sum of $26,771.74**[5] **representing reimbursement for attorneys' fees and costs, in the form of a check made payable jointly to petitioner and petitioner's current counsel of record, Lawrence R. Cohan of Anapol Weiss; and**

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of HHS*, 924 F.2d 1029 (Fed. Cir. 1991).

4

- **A lump sum of $4,608.91 representing reimbursement for attorneys' fees and costs, in the form of a check made payable jointly to petitioner and petitioner's previous counsel, Alison Haskins of Maglio, Christopher, and Toale, for petitioner's attorney's fees and costs.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

<u>**s/Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

---

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).